UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00053-RGK-KES | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Alireza Hasham Ban v. David Marin et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Petitioner's Motion for Preliminary Injunction [10]

## I. INTRODUCTION

On January 7, 2026, Alireza Hasham Ban ("Petitioner") filed a Writ of Habeas Corpus and an *Ex Parte* Application for Temporary Restraining Order ("TRO Application") against David Marin, Thomas Giles, Todd Lyons, Kristie Noem, and Pamela Bondi (collectively, "Respondents"). (ECF Nos. 1, 3.) Petitioner, a noncitizen subject to a final order of removal, is in U.S. Immigration and Customs Enforcement ("ICE") custody.

On January 9, 2026, the Court denied Petitioner's TRO Application. (ECF No. 7.) Presently before the Court is Petitioner's Motion for a Preliminary Injunction ("Motion"). (ECF No. 10.) For the following reasons, the Court **GRANTS** Petitioner's Motion.

## II. FACTUAL BACKGROUND

Petitioner states the following in his Motion:

Petitioner is a native and citizen of Iran. In 2012, he was admitted to the United States on an F-1 student visa. Sometime after his arrival, the school Petitioner attended reported him to ICE because he was under the minimum credit requirement per semester that was necessary to maintain his I-94 status as a full-time student. He was detained briefly by ICE and then released under conditions that Petitioner does not recall. On April 12, 2014, Petitioner was ordered to be removed, and the removal order became final the same day. Throughout the time Petitioner has lived in the United States, he has attended all immigration-related hearings that he has received notice of.

Petitioner was detained again by ICE on July 9, 2025. On October 8, 2025, the 90th day Petitioner spent in detention, ICE denied Petitioner's release based on his arrest history. To date, Iran has not issued the travel documents necessary to effectuate Petitioner's removal. In an effort to obtain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00053-RGK-KES | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Alireza Hasham Ban v. David Marin et al.* | | |

his travel documents to Iran, ICE sent Iran copies of Petitioner's expired passport. Petitioner does not have original documents, such as an original passport or birth certificate. On November 14, 2025, Petitioner had an interview with Mr. Abolfazl Mehrabadi, the Director of the Interest Section of the Islamic Republic of Iran at the Embassy of Pakistan, who told Petitioner that he could not issue Petitioner travel documents for Iran unless Petitioner had original identification documentation. Since his detention in July 2025, Petitioner has remained in ICE custody.

### III. JUDICIAL STANDARD

"[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). It is "never awarded as of right." *Id.* at 24. A plaintiff must show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest (the "*Winter* test"). *Id.* at 20. The Ninth Circuit has adopted an alternative sliding scale approach, in which the elements of the *Winter* test are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). For instance, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132.

### IV. DISCUSSION

#### A. Likelihood of Success on the Merits

Petitioner first asserts that he is likely to succeed in his claim of unlawful detention because there is no significant likelihood of his removal in the reasonably foreseeable future.

Federal immigration laws require detention of removable aliens during a 90-day removal period. 8 U.S.C. § 1231(a)(1)–(2)(A). Continued detention is permitted under § 1231(a)(6), but only for the time "reasonably necessary" to effectuate removal because indefinite detention would run affront with Fifth Amendment Due Process rights. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). The "presumptively reasonable" period of detention after a removal order is prescribed to be six months. *Id.* at 701. After that period, "if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2011) (quoting *Zadvydas*, 533 U.S. at 689–701).

Here, it is undisputed that Petitioner has been detained by ICE since July 2025, which means he has been detained for approximately seven months. This is beyond the "presumptively reasonable"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00053-RGK-KES | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Alireza Hasham Ban v. David Marin et al.* | | |

period of detention provided by *Zadvydas*. Furthermore, Petitioner has provided good reason that there is no significant likelihood of his removal in the reasonably foreseeable future. Specifically, Petitioner asserts that Iran, the country to which Petitioner is ordered to be removed, requires original documents, such as an original birth certificate or an original passport, in order to issue the necessary travel documents to effectuate removal. In support of this assertion, Petitioner cites to a conversation he directly had with the Director of the Interest Section of the Islamic Republic of Iran, who confirmed the same. Petitioner does not have such original documents. Instead of original documents, Respondents submitted to Iran photocopies of Petitioner's expired passport, which appear to be insufficient to obtain travel documents to Iran.

Respondents do not engage with Petitioner's assertions. Notably, they do not refute the notion that in order to issue the travel documents necessary for removal, Iran requires original documents, not copies. *See also Kamyab v. Bondi*, 2025 WL 2917522, at *3 (W.D. Wash. Oct. 14, 2025) ("Iran requires 'original documents' to move the process forward. Examples of 'original documents' that would be helpful in this matter are an original passport or an original birth certificate."). Respondents have thus effectively conceded the notion that Iran requires original documents for removal. Respondents also do not refute that Petitioner does not have original documents. Without original documents, Petitioner will not be able to be removed to Iran. Therefore, Petitioner has provided good reason that he is unlikely to be removed in the reasonably foreseeable future under *Zadvydas*. This good reasoning is further compounded by the fact that Respondents have been unable to remove Petitioner for seven months.

The burden under *Zadvydas* then shifts to Respondents to rebut Petitioner's reasoning that he will be unlikely to be removed in the reasonably foreseeable future. Respondents argue that Petitioner is unable to show no significant likelihood of removal in the reasonably foreseeable future because Iran has not refused ICE's requests for travel documents and has been in communication with Petitioner and ICE about the travel documents. However, without Petitioner's original documents, the Court does not see how Petitioner can be removed in the foreseeable future. Although it may be true that Iran has not issued a final decision on Respondents' request for Petitioner's travel documents, Respondents ask the Court to wager that Iran will eventually issue travel documents, even though Petitioner does not have the original documents necessary for these travel documents. The Court will not do so, as Petitioner's removal cannot be speculative. *See Hassoun v. Sessions*, 2019 WL 78984, at *6 (W.D.N.Y. Jan. 2, 2019) ("Petitioner's removal need not necessarily be imminent, but it cannot be speculative.").

Respondents' response to the Court's recent Order to Show Cause, or lack thereof, is further evidence of their inability to rebut Petitioner's showing that he is unlikely to be removed in the reasonably foreseeable future. In the Order to Show Cause, the Court directly ordered Respondents to show why there is a likelihood that Petitioner will be removed. (ECF No. 17.) Respondents did not respond to the OSC. Thus, the Court finds that Respondents have not rebutted Petitioner's showing, and that *Zadvydas* demands Petitioner's release.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00053-RGK-KES | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Alireza Hasham Ban v. David Marin et al.* | | |

    Although Petitioner also asserts that he is likely to succeed on the merits of his substantive due process claim, procedural due process claim, and protected liberty interest claim, the Court, having already found him to succeed on his *Zadvydas* claim, finds it unnecessary to delve into the rest of his claims. *See Fin. Express LLC v. Nowcom Corp.*, 564 F. Supp. 2d 1160, 1168 (C.D. Cal. 2008) ("In order to be granted a preliminary injunction, [petitioner] only needs to show the requisite combination of probable success on the merits and the possibility of irreparable injury with respect to any one of its claims.").

    Since Petitioner is likely to succeed on the merits of at least one of his claims, the first *Winter* factor favors issuing a preliminary injunction.

    **B.**    **Likelihood of Irreparable Harm**

    In the absence of a temporary restraining order, Petitioner will continue to be unlawfully detained and deprived of his right to due process. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). When the "alleged deprivation of a constitutional right is involved, [as is the case here,] most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (internal quotation omitted). Nevertheless, detention constitutes "a loss of liberty that is . . . irreparable." *Moreno Galvez v. Cuccinelli*, 492 F. Supp. 3d 1169, 1181 (W.D. Wash. 2020), *aff'd in part, vacated in part on other grounds, remanded sub nom. Moreno Galvez v. Jaddou*, 52 F.4th 821 (9th Cir. 2022). Accordingly, the Court finds that Petitioner is likely to suffer irreparable harm in the absence of a preliminary injunction.

    **C.**    **Balance of the Equities and Public Interest**

    The last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The Court finds that because the continued detention of Petitioner likely harms his due process rights, the balance of hardships and public interest factors weigh in favor of a preliminary injunction. The preliminary injunction would fulfill Respondents' compelling interest in steady enforcement of immigration laws, including ensuring that Respondents follow constitutional guidelines for detention. Accordingly, the Court finds that the last two *Winter* factors weigh in favor of a preliminary injunction.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00053-RGK-KES | Date | February 24, 2026 |
|---|---|---|---|
| Title | *Alireza Hasham Ban v. David Marin et al.* | | |

## V.  CONCLUSION

As all four *Winter* factors weigh in favor of a preliminary injunction, the Court **GRANTS** Petitioner's Motion for a Preliminary Injunction. The Court **ORDERS** Respondents to immediately release Petitioner.[1]

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |

---

[1] Federal Rule of Civil Procedure 65(c) requires that, prior to granting injunctive relief, the Court require a movant to pay security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation omitted). Here, the Court waives the security requirement, as it is unlikely that Respondents will incur any significant cost.